# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARTURO E. ACOSTA,

    *Plaintiff*,

vs.

N.A.P.H. CARE, *et al.*

    *Defendants*.

2:09-cv-01998-RLH-RJJ

SCREENING ORDER

    This *pro se* prisoner civil rights action comes before the Court for initial review of the amended complaint (#12) under 28 U.S.C. § 1915A, which follows upon a prior screening order where plaintiff was given leave to amend to state a claim if possible.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the amended complaint, plaintiff Arturo Acosta seeks to recover compensatory and punitive damages under the Fourteeenth Amendment for allegedly inadequate medical care received at the North Las Vegas Detention Center (NLVDC) and the Clark County Detention Center (CCDC).

Following review of the amended complaint filed in response to the prior screening order, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted as to any claim.

In Count I, together with the allegations in the nature of the case, plaintiff alleges that the NLVDC defendants were deliberately indifferent to his serious medical needs in violation

of his right as a detainee to due process under the Fourteenth Amendment. According to the allegations of the complaint, which are accepted as true solely for the purposes of the present review, plaintiff was in custody at NLVDC from December 2006 until his transfer to CCDC on January 30, 2007. Plaintiff fell from the upper bunk onto the concrete floor of his cell on January 17, 2007, injuring his shoulder and hip. Plaintiff promptly informed the officers on duty, who took no action. After submitting numerous kites (requests) for medical attention, plaintiff was examined by a physician who prescribed ibuprofen. Plaintiff alleges that the physician "failed to order medically indicated x-rays or any other appropriate diagnostic procedures, contrary to the prevailing standard of care."

The claims in Count I are barred by the applicable statute of limitations on the face of the complaint. Under federal law, Section 1983 claims arising out of Nevada are governed by a two-year limitations period. *See, e.g., Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)(federal courts apply the forum state's personal injury statute of limitations for section 1983 claims); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989)(Nevada's statute of limitations for personal injury claims is two years). The events in Count I allegedly occurred prior to January 30, 2007, but the original complaint in this matter was not mailed for filing until more than two years later, on or about September 28, 2009. All claims in Count I accordingly are time-barred.

The claims in Count I against the health care providers further fail to state a claim for the reasons discussed below as to the remaining counts, because the allegations of actual fact do not set forth deliberate indifference.

In Count II, together with the allegations in the nature of the case, plaintiff alleges that Clark County, NaphCare, and a number of John Doe defendants were deliberately indifferent to his serious medical needs in violation of his right as a detainee to due process under the Fourteenth Amendment.

Specifically, plaintiff alleges that an x-ray was not taken of his shoulder until February 15, 2007. This was nearly a month after the initial injury at NLVDC but only approximately two weeks after plaintiff's transfer to CCDC, although NaphCare allegedly provided health care

services at both facilities. Thereafter, plaintiff continued to complain of continuing extreme pain verbally and in writing. Nearly ten weeks later, on April 25, 2007, Dr. Brian Hayes recommended an MRI. Thereafter, however, an MRI was not taken despite plaintiff's continued complaints of pain. He was given over-the-counter pain medication.

On October 27, 2008, an orthopaedist at the University Medical Center noted reduced range of motion and concurred with Dr. Hayes' recommendation for an MRI, in order to rule out a possible rotator cuff tear versus an occult fracture. Five months later, on March 29, 2009, an MRI was taken. The orthopaedist noted on May 18, 2009, that the MRI revealed an advanced rotator cuff tear. Plaintiff alleges that the MRI confirmed a serious medical need that had gone "undiagnosed" for nearly two-and-a-half years. Plaintiff does not allege any change in his medical care after the May 18, 2009, findings by the orthopaedist. The complaint alleges that plaintiff was in Clark County custody through approximately July 2009.

Plaintiff's allegations do not set forth deliberate indifference actionable under the Fourteenth Amendment.

As noted in the prior order, to state a claim for relief for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

In the present case, plaintiff maintains that "the standard of care in the community" required a prompt x-ray of the site of the injury, that a negative x-ray was not dispositive and

-4-

"compelled" further investigation, and that an MRI thus should have been taken sooner to uncover his theretofore undiagnosed injury. Plaintiff at bottom is seeking to state a medical malpractice claim challenging the failure to properly diagnose his condition sooner and to conduct additional diagnostic procedures sooner. After having been given an opportunity to amend to state a claim, plaintiff has failed to present any allegations of actual fact tending to establish that the defendants were subjectively aware that he had sustained a more serious injury yet failed to respond adequately. Again, medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *McGuckin, supra.* Count II therefore fails to state a claim for deliberate indifference.

Moreover, claims based upon alleged acts and omissions prior to September 28, 2007, are time-barred as discussed with regard to Count I.

In Count III, together with the allegations in the nature of the case, plaintiff alleges that Dr. Hayes in particular was deliberately indifferent to his serious medical needs in violation of his right as a detainee to due process under the Fourteenth Amendment

Specifically, plaintiff alleges that Dr. Hayes unnecessarily delayed recommending an MRI until April 25, 2007, after negative x-rays were taken on February 15, 2007. He alleges that, thereafter, Dr. Hayes failed to ensure that an MRI was performed for nearly two years, including after the orthopaedist also recommended an MRI on October 27, 2008. Plaintiff alleges that Dr. Hayes "is not qualified to evaluate the appropriate medical intervention for the treatment of Rotator Cuff Tears and his refusal to obtain specialized treatment is grossly below the standard of care and violative of plaintiff's constitutional rights."

Claims based upon alleged acts and omissions prior to September 28, 2007, are time-barred as discussed previously. In all events, plaintiff's efforts to state a medical malpractice claim based upon alleged inadequate medical care by an allegedly unqualified health care provider fail to state a claim for relief for deliberate indifference. Plaintiff, after having been given an opportunity to amend, has failed to present allegations of actual fact that would tend to establish that Dr. Hayes was subjectively aware that he had sustained a more serious injury yet failed to respond adequately.

1  IT THEREFORE IS ORDERED that the complaint, as amended, is DISMISSED for
2  failure to state a claim upon which relief may be granted.
3  The Clerk of Court shall enter final judgment accordingly.
4  DATED: January 10, 2011.

_____
ROGER L. HUNT
Chief United States District Judge